UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

BRANDON M. GOINS,
          Appellant,

        v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
SF-3330-21-0214-X-1

DATE: September 23, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brandon M. Goins, APO, AP, pro se.

Chad H. Arnesen, Esquire and Harrison Spencer, APO, AP, for the agency.

## BEFORE

Cathy A. Harris, Vice Chair
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      In a November 8, 2021 compliance initial decision, the administrative judge found the agency in noncompliance with the Board's August 9, 2021 final decision, which ordered the agency to reconstruct the hiring process for a position for which it had denied the appellant the opportunity to compete in violation of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

his veterans' preference rights under the Veteran's Employment Opportunities Act of 1998 (VEOA), 5 U.S.C. § 3304(f)(1). *Goins v. Department of the Army*, MSPB Docket No. SF-3330-21-0214-I-1, Initial Appeal File (IAF), Tab 15, Initial Decision; *Goins v. Department of the Army*, MSPB Docket No. SF-3330-21-0214-C-1, Compliance File, Tab 11, Compliance Initial Decision (CID). For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2      In the compliance initial decision, the administrative judge found that, although the agency attempted to reconstruct the hiring process, it did not provide evidence indicating precisely what steps it had taken to comply with the Board's order, including whether it had removed the improperly appointed selectee from the subject position during the reconstruction, applied the same criteria to the appellant's application that it applied to the other candidates, and/or engaged in more than a merely hypothetical reconstruction process. CID at 3. Accordingly, he granted the appellant's petition for enforcement and again ordered the agency to reconstruct the selection process for the position, consistent with the requirements set forth at 5 U.S.C. § 3304(f)(1), to include taking the improperly appointed selectee out of the position during the reconstruction process. CID at 4.

¶3      The administrative judge informed the agency that, if it decided to take the ordered actions, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance. CID at 4-5. The administrative judge also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 5. Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance have become final, and the

appellant's petition for enforcement has been referred to the Board for a final decision on issues of compliance. *Goins v. Department of the Army*, MSPB Docket No. SF-3330-21-0214-X-1, Compliance Referral File (CRF), Tab 1.

¶4 On December 21, 2021, the Board issued an acknowledgment order directing the agency to submit evidence showing that it had complied with all actions identified in the compliance initial decision. CRF, Tab 1 at 3. In a January 4, 2022 response, the agency stated and provided evidence reflecting that it reconstructed the hiring process a second time but again did not select the appellant for the position. CRF, Tab 2. The agency's evidence included copies of the resumes of each candidate considered, the scoring matrix used by the reconstructed hiring board to rate the candidates, the agency's position description, and a memorandum signed by the hiring official outlining the steps that were taken, including removal of the improperly appointed selectee from the position during the reconstruction. *Id.*

¶5 On January 10, 2022, the appellant responded to the agency's submission. CRF, Tab 3. He alleged that the agency did not afford him an opportunity to compete in the second hiring reconstruction and that it was unclear whether the agency's hiring process complied with Department of Defense Instruction (DODI) 1400.25, Volume 1232, entitled, "DoD Civilian Personnel Management System: Employment of Family Members in Foreign Areas," as no information was provided by the agency as to whether the improperly appointed selectee qualified for veterans' preference, military spouse preference, or family member preference. *Id.* at 4. He also alleged that the agency had not provided any supporting documentation to show that he was ever placed on a missed consideration list, as the agency had previously indicated. *Id.*; IAF, Tab 5. The agency did not respond.

¶6 On March 11, 2022, the Board ordered the agency to respond to the appellant's allegations of noncompliance, as well as attest to its compliance with the administrative judge's orders to properly reconstruct its hiring process that

violated the appellant's veterans' preference rights under VEOA. CRF, Tab 4. In an April 1, 2022 response, the agency averred, and provided evidence showing, that it reconstructed the hiring process a third time. CRF, Tab 6 at 6, 9, 45. The agency stated that, in this third reconstruction, it properly applied and considered the preference entitlements of each candidate, to include the appellant's family member preference under DODI 1400.25, Volume 1232, and both the appellant's and original selectee's veterans' preference rights. *Id.* Although the reconstruction did not result in the appellant's selection, the agency stated that it had provided the appellant a lawful hiring process consistent with law and was now in compliance with the administrative judge's orders. *Id.* at 8. The agency further averred that it had placed the appellant on a missed consideration list as of March 30, 2021, as an interim remedy[2] for the agency's error in determining the appellant unqualified for the position at issue. *Id.* at 7-8, 61.

¶7 On April 7, 2022, the appellant responded to the agency's submission, challenging various aspects of the hiring reconstruction and requesting lost wages and sanctions against the agency. CRF, Tab 7. The agency did not respond.

## ANALYSIS

¶8 The Board has jurisdiction to consider an appellant's claim of agency noncompliance with a Board decision. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed.Cir.1984); *Weed v. Social Security Administration*, 110 M.S.P.R. 468, ¶ 5 (2009). The Board's authority to remedy noncompliance is broad and far-reaching and functions to ensure that employees or applicants for employment are returned to the status quo ante or the position that they would have been in had the unlawful agency action not occurred. *Kerr*, 726 F.2d at 733; *Weed*, 110 M.S.P.R. 468, ¶ 5. It is the agency's burden to prove by preponderant

---

[2] The Board did not order the appellant's placement on the agency's missed consideration list as an interim remedy. Instead, this action was both proposed, and initiated, by the agency. A copy the agency's missed consideration log, dated March 29, 2022, was provided with the agency's April 1, 2022 response. CRF, Tab 6 at 61.

evidence that it has fully complied with a final Board decision. *Weed*, 110 M.S.P.R. 468, ¶ 5. Thus, in the instant case, the agency must show that it properly reconstructed the hiring process for the position at issue.

¶9        Under VEOA, an appellant whose veterans' preference rights were violated with respect to a selection process is entitled to a selection process consistent with law. *Weed*, 110 M.S.P.R. 468, ¶ 6. To properly reconstruct a selection, an agency must conduct an actual selection process based on the same circumstances surrounding the original faulty selection. *Washburn v. Department of the Air Force*, 119 M.S.P.R. 265, ¶ 14 (2013). This includes taking the original selectee out of the position, conducting and evaluating an interview of the appellant that can be meaningfully compared with the original selectee's interview, and filling the same number of vacancies as before. *Id.*

¶10       Here, the agency argues that it has now properly reconstructed the hiring process and has provided evidence showing that it removed the original selectee from the position for the reconstruction, reinterviewed the appellant with a hiring board that included one of the same members of the original hiring board, and filled the same number of vacancies. CRF, Tab 6. In support, the agency provided: (1) a Certificate of Eligibles, dated October 7, 2021, containing the names and preference entitlements for each candidate, including the appellant and the original selectee, *id.* at 39; (2) a Candidate Scoring Matrix, containing the reconstructed hiring board's ratings for each candidate and identifying the original selectee as its fourth overall pick and the appellant as its fifth overall pick, *id.* at 63; and (3) copies of the appellant's and original selectee's resumes, *id.* at 64-82.

¶11       In addition, the agency provided the hiring official's March 25, 2022 affidavit in which he attested that "[u]pon completion of the reconstructed hiring process, [he] affirmed that [the original selectee] should be recommended for the [position at issue]" for the following reasons: (1) the original selectee's pre-interview scores were higher than the appellant's scores; (2) both the original

selectee and the appellant were entitled to veterans' preference; (3) upon comparison of their resumes, the original selectee's prior work experience was a better fit for the position compared to the appellant's "due to skill sets required to operate in Global Command Support System – Army programs and fulfilling related Property Book Office duties and responsibilities"; (4) the hiring board had determined that the original selectee was more qualified for the position; and (5) the original selectee hypothetically would have accepted the position at issue, as demonstrated by the fact that the original selectee accepted the position. *Id.* at 45. Also attached to the hiring official's affidavit were four "Memorandum [sic] for Record," including three documenting his directives to the reconstructed hiring board and one signed by a member of the hiring board documenting the hiring board's reconstructed interview of the appellant on March 22, 2022, and its unanimous post-interview recommendation that, based on its review of pre- and post-interview documentation and candidate scores, the hiring official should hire the original selectee. *Id.* at 47-50.

¶12     In his response to the agency's compliance submission, however, the appellant argues that the agency did not provide him a lawful selection process. For the reasons that follow, we find no merit to the appellant's arguments.

¶13     First, the appellant argues that the agency did not provide him a lawful selection process because he was not asked the same interview questions as the original selectee during his reconstructed interview. CRF, Tab 7 at 5. Although the Board ordered the agency to submit evidence showing that the appellant was asked the same interview questions as the original selectee during his reconstructed interview, CRF, Tab 4 at 5, it is not necessary to a lawful reconstructed selection process as long as the agency can otherwise show that it conducted and evaluated an interview of the appellant that is meaningfully comparable with the original selectee's interview. *See Washburn*, 119 M.S.P.R. 265, ¶ 14. Here, the agency asserts that, although no record of the exact questions asked by the original board was retained, the hiring official directed the

reconstructed hiring board to make all efforts to ask the appellant the same interview questions as the original selectee.  CRF, Tab 6 at 43-44.  To that end, the reconstructed hiring board member who served on the original hiring board advised the other members regarding the original hiring board's interview practices, subject matter of interview questions asked, and the reasons for its decision to hire the original selectee.  *Id.* at 12, 44, 50.  The agency further asserts that the appellant was asked questions of the same subject matter and that his reconstructed interview lasted roughly the same duration of time as the selected candidate's interview.  *Id.* at 11.  In light of these circumstances, we find that the agency satisfied its obligation to conduct and evaluate an interview of the appellant that was meaningfully comparable with the original selectee's interview, even though it was unable to ask the appellant identical questions to those asked during the original hiring process.[3]  *See Washburn*, 119 M.S.P.R. 265, ¶ 14.

¶14      Next, the appellant argues that the reconstructed selection process was not lawful because his status as a preference eligible under VEOA and his family member preference should have placed him "at the top of the listing for consideration" by the agency.  CRF, Tab 7 at 4.  However, the appellant's belief that he should have been ranked higher than the other applicants does not establish that the agency failed to provide him a lawful selection process.  The agency has provided as evidence a copy of the full, ranked list of candidates that it considered during the reconstruction, accompanied by the candidates' scores and preference entitlements.  CRF, Tab 6 at 39, 43-44, 63.  This evidence shows

---

[3] The appellant claims that the agency's failure to maintain the original selectee's interview questions is a violation of 29 C.F.R. § 1602.14, which requires employers to maintain personnel or employment records related to hiring for 1 year.  CRF, Tab 7 at 6.  Assuming arguendo that 29 C.F.R. § 1602.14 is applicable here, the agency's compliance (or lack thereof) with this records management provision does not affect the dispositive issue before us of whether the agency provided the appellant a lawful selection process.

that both the appellant and the selected candidate are entitled to veterans' preference, as they are both preference eligibles,[4] and that the agency considered the preference entitlements of each candidate during the reconstruction, including the appellant's family member preference. CRF, Tab 6 at 6, 39, 45. Accordingly, we find that the agency properly applied and considered the appellant's veterans' preference and family member preference in reconstructing the hiring process.

¶15    The appellant also appears to argue that the reconstructed hiring process was not lawful because the agency may not have considered his eligibility for Schedule A hiring or reinstatement under 5 C.F.R. § 315.401. CRF, Tab 7 at 4. However, Schedule A hiring may be used only in a noncompetitive hiring process; therefore, it was unavailable in the reconstructed hiring process here for a competitive service position. *See* 5 C.F.R. § 213.3102(u); CRF, Tab 6 at 27. In addition, while "an agency *may* appoint by reinstatement to a competitive service position a person who previously was employed under career or career-conditional appointment (or equivalent)," reinstatement eligibility is not a guarantee that an employee will be considered for a specific position or be appointed to it. *See* 5 C.F.R. § 315.401(a) (emphasis added); *see also Hicks v. Department of the Navy*, 33 M.S.P.R. 511 (1987) (the Board lacks jurisdiction over an agency's decision not to reinstate an employee pursuant to 5 C.F.R. § 315.401). Accordingly, the appellant's arguments do not demonstrate any error in the reconstructed hiring process.

¶16    Finally, the appellant argues, without evidence, that it is his belief that the agency never conducted interviews of the candidates during the original hiring process. CRF, Tab 7 at 6. However, the agency's evidence reflects otherwise. In particular, the agency provided a scoring matrix showing the dates that the

---

[4] As both the selected candidate and the appellant are preference eligibles under VEOA, the agency was not required to seek preapproval from the Office of Personnel Management before passing over the appellant, regardless of any compensable service-connected disability he may have. *See* 5 U.S.C. § 3318(c)(1)-(2).

original hiring board conducted these interviews and its interview remarks for each candidate. *Id.* at 62-63; CRF, Tab 2 at 9. The agency's evidence also shows that one of the three members of the reconstructed hiring board served on the original hiring board and advised the other members regarding the original hiring board's interview practices, subject matter of interview questions asked, and the reasons for its decision to hire the original selectee.[5] CRF, Tab 6 at 12, 44, 50. Therefore, we find that the agency's evidence outweighs the appellant's cursory and unsupported allegation and provides no basis to find that the agency did not conduct interviews during the original hiring process or otherwise provide him a lawful reconstructed selection process.

¶17    We have considered the appellant's myriad other challenges to the agency's compliance and find them unpersuasive.

¶18    In consideration of the agency's evidence of compliance, and all arguments put forward by the appellant, we find that the agency's reconstruction of its hiring process is consistent with law and provided the appellant an opportunity to compete for the position at issue, with his veterans' preference rights and family member preference properly applied and considered. CRF, Tabs 6-7. Specifically, we find that the agency's reconstruction was based on the same circumstances surrounding the original faulty selection and involved taking the original selectee out of the position, conducting and evaluating an interview of the appellant that was meaningfully comparable with the original selectee's interview, and filling the same number of vacancies. *See Washburn*, 119 M.S.P.R. 265, ¶ 14. As the lawful reconstructed hiring process demonstrated that, in the absence of a violation of the appellant's veterans' preference rights, the agency would not have selected him for the position because he was not the

---

[5] As one of the members of the original hiring board served on the reconstructed hiring board, only the appellant was required to be interviewed during the reconstruction. The agency was not required to re-interview the other candidates. *See Phillips v. Department of the Navy*, 114 M.S.P.R. 19, ¶ 18 (2010).

best candidate, he has not suffered any lost wages or benefits that would entitle him to an award under 5 U.S.C. § 3330c(a). *See Lodge v. Department of the Treasury*, 107 M.S.P.R. 22, ¶ 15 (2007). Accordingly, his requests to be issued such an award are denied.[6]

¶19 In light of the foregoing, we find that the agency is now in compliance and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] We additionally deny the appellant's request for sanctions or other "follow-up action[s]." CRF, Tab 7 at 7. The Board's ability to impose sanctions is a means to enforce compliance. *Eikenberry v. Department of the Interior*, 39 M.S.P.R. 119, 121 (1988). Here, the agency has submitted evidence of compliance, and therefore, it would be inappropriate for the Board to impose sanctions at this time. *Id.*

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.